UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos.  08-CIV-60272-COHN/WHITE

KELLY RAY JONES,

    Petitioner/Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING REQUEST TO REISSUE ORDER

**THIS CAUSE** is before the Court upon Petitioner's Objections to Order Adopting the Report and Recommendation and Renewed Request to Reissue Order [DE 62].  The Court has carefully considered the matter and is otherwise advised in the premises.

On December 23, 2009, this Court approved the Magistrate Judge's Report and Recommendation denying the motion to vacate sentence in this case, in a document labeled "Final Judgment," which was entered by the Clerk on December 28, 2009 [DE 48]. On October 25, 2010, Petitioner Kelly Ray Jones filed a "Movant's Request to Reissue Order" [DE 49], in which he stated that he did not "receive[d] the final Order from the Court which appears to have been filed on December 23, 2009," and requested that the Order be reissued.  According to his own filing, Jones had apparently learned of the final order on October 18, 2010, when pursuant to his October 7 request, the Clerk's office sent him the docket sheet indicating that the Order had been filed [DE 49].  On November 12, 2010, Jones filed his Notice of Appeal, stating that he first received the Court's ruling on November 1, 2010, after he requested a copy of the Order from the Clerk of Court.

After the Court denied Petitioner's motion for certificate of appealability, the

Eleventh Circuit dismissed his appeal on March 25, 2011, stating:

> [a]lthough Jones states that he did not receive the district court's ruling on his motion within 21 days of its entry, Jones failed to file his notice of appeal within 14 days from the date he received notice of the district court's order being entered.  Thus, Jones cannot satisfy the requirements of Rule 4(a)(6), and there is no need to remand this case to the district court to consider whether the appeal period should be reopened.

Court's Order of Dismissal [DE 59].  The Court of Appeals also denied Petitioner's motion for reconsideration on June 27, 2011 [DE 61].

On August 25, 2011, Petitioner filed the present request in this Court.  Petitioner contends that this Court's failure to follow Rule 58(a) of the Federal Rules of Civil Procedure means that the Court's December 2009 decision cannot be considered a final decision within the terms of 28 U.S.C. § 1291.  However, this is not a case in which any party was ever confused that this Court's "Final Judgment" was anything other than a final order.  Bankers Trust Co. v. Mallis, 435 U.S. 381, 384 (1978).  The Court of Appeals entertained jurisdiction to hear Petitioner's appeal pursuant to § 1291, though it proceeded to dismiss Petitioner's appeal as quoted above.  Moreover, the 2002 Amendments to the Federal Rules of Civil Procedure now make clear that even when a separate document is required, the time of entry of the judgment is the earlier of either when it is set out in a separate document or 150 days from the entry in the civil docket.  Fed. R. Civ. P. 58(c)(2).  In this case, this 150 day period would have run on May 27, 2010, and the period to appeal ran on July 26, 2010.  Thus, the Petitioner's argument regarding Rule 58 must be rejected.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Objections to Order Adopting the Report and Recommendation and Renewed Request to Reissue Order [DE

62] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of September, 2011.

JAMES I. COHN
United States District Judge

copies to:

Kelly Ray Jones, pro se
 (via CM/ECF regular mail)